**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:12-cv-01105-RBJ

JERALD A. BOVINO,

      Plaintiff,

v.

APPLE, INC., a California Corporation; and
TARGET CORPORATION, a Minnesota Corporation,

      Defendants.

---

**SECOND REVISED SCHEDULING ORDER**

---

**1.     DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Pursuant to Fed. R. Civ. P. 16(b), a Scheduling Conference was held on July 27, 2012 and was attended by:

Appearing on behalf of Plaintiff Jerald Bovino was Ronnie Fischer, Fischer Law Firm, P.C., 1777 S. Harrison Street, Suite 1500, Denver, CO 80210, (303) 756-2500; Rick Martin of the Patent Law Offices of Rick Martin, P.C., Post Office Box, 1839, Longmont, Colorado 80502, (303) 651-2177; and Jack Slobodin the Law Offices of Jack Slobodin, located at 3527 Mount Diablo Boulevard, Suite 280, Lafayette, California 95449, (510) 847-9986.

Appearing on behalf of Defendants Apple, Inc. ("Apple") and Target Corporation ("Target") is Jeffrey Kass and Michael Dulin, Polsinelli Shughart, P.C., 1515 Wynkoop, Suite 600, Denver, CO 80202, (303) 572-9300.

A second, telephone, status conference was held on November 14, 2012, leading to this

revised Scheduling Order.

## 2.     STATEMENT OF JURISDICTION

The Court has original jurisdiction pursuant 28 U.S.C. §§1331 and 1338(a).  This is an action for patent infringement of a United States patent arising under 35 U.S.C. §271, et al.

## 3.     STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff:

1.     Claims: Plaintiff alleges that the Defendant Apple, Inc. has infringed Plaintiff's '809 patent by making and/or selling Apple Smart Cases, the Apple Smart Covers and the Tough Speck case. (Count I); and, that Defendant Target Corporation has infringed, including its use, sale, offering for sale and/or manufacturing of these same items,,all of which covers have an infringing patented "rib."

2.     Defenses to Counterclaims of Defendants (which are basically identical): Counterclaims fail to state a claim upon which relief may be granted, and fail to provide sufficient notice to qualify as valid claims as a matter of law; unclean hands; waiver; the doctrine of laches; the doctrine of estoppel.

b.     Defendants Apple and Target:

1.     Defenses:  Defendants Apple and Target do not infringe the claims of the '809 Patent.   In addition to non-infringement, the Defendants have asserted the affirmative defenses of invalidity, unclean hands, equitable estoppel, prosecution history/file wrapper estoppel, statutory limitations on damages and costs, intervening rights and governmental immunity.  The Defendants will argue that this is an exceptional case under 35 U.S.C. §285.

2.     Counterclaims:  The Defendants have each asserted two counterclaims, one for declaratory judgment of non-infringement, and one for declaratory judgment of invalidity.  For its invalidity claim, the Defendants assert that the '809 Patent is invalid for failure to meet the requirements of 35 U.S.C. 101, 102, 103, 112, 132 and/or 251.  For example, the claims of the '809 Patent are very broad, and cover inventions previously disclosed in prior patents and/or other prior art references.

### 4.     UNDISPUTED FACTS

The following facts are undisputed:

1.     On December 20, 2005, the U.S. Patent No. 6,977,809 (the '809 Patent") entitled "Portable Computer Case" was issued.

2.     Apple, Inc. manufactures and sells or has manufactured and sold the iPad, iPad2, and the iPad mini, including cases, covers and accessories for them.

3.     Target Corporation markets and sells or has sold the iPad and iPad2, and the iPad Mini, including cases, covers and accessories for it.

### 5.     COMPUTATION OF DAMAGES

a.     Plaintiff:  Damages adequate to compensate for Target Corp. and Apple, Inc.'s infringement of the '809 Patent, at a minimum to equal a reasonable royalty for the infringement of the '809 Patent, together with interest and costs as fixed by the Court.

b.     Defendants:  Defendants have not asserted a claim for monetary damages. Defendants will ask for attorneys' fees and costs incurred in defending this action.  These fees and costs are not yet determinable.

**6.     REPORT OF PRECONFERENCE DISCOVERY
AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.      Date of Rule 26(f) conference among counsel: 7/26/2012.

b.      Names of each participant and party(ies) he represents:

Ronnie Fischer from the Fischer Law Firm, P.C., Rick Martin of the Patent Offices of

Rick Martin, and Jack Slobodin of the Law Offices of Jack Slobodin on behalf of Plaintiff Jerald

Bovino; and Jeffrey Kass and Michael Dulin of Polsinelli Shughart, P.C., on behalf of

Defendants Apple, Inc. and Target Corporation.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:  The

parties' Rule 26(a) disclosures were exchanged on or before September 10, 2012.

d.      Proposed changes, if any, in timing and requirements of disclosure under Fed. R.

Civ. P. 26(a)(1): None.

e.      Statement concerning any agreements to conduct informal discovery: There are

presently no agreements regarding informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and

other litigation costs, including the use of a unified exhibit numbering system: None

g.      Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of disclosure or

discovery will involve information or records maintained in electronic form: The parties

currently do not anticipate that their claims and defenses will involve extensive electronically-

stored information, or that a substantial amount of disclosure or discovery will involve

information or records maintained in electronic form.

h.      Statement summarizing the parties' discussions regarding the possibilities for

4

promptly settling or resolving the case: The parties certify pursuant to Rule 26(f) of the Federal Rules of Civil Procedure that they have discussed the possibility of a prompt settlement or resolution of the case by alternative dispute resolution.  The parties believe that settlement is unlikely but remains a possibility; more information and discovery is needed before settlement can be accomplished.

### 7.    CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.    DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

**Depositions**:  Each party shall be allowed to take 10 depositions of fact witnesses which include the deposition of any expert.  Apple and Target shall be deemed one party for the purposes of calculating the number and length of depositions.

**Interrogatories**:  Each party shall be allowed to serve up to 25 interrogatories on each other adverse party.

b.    Limitations which any party proposes on the length of depositions:  No deposition shall exceed seven hours for an individual witness without the consent of all parties or an order of the Court.

c.    Limitations which any party proposes on the number of requests for production and requests for admission:

Each party shall be allowed to serve up to 25 requests for production and 25 requests for admission on each other adverse party.

Other Planning or Discovery Orders:  The parties agree that they will not be required to log privileged or work product-related documents created on or after May 8, 2012, the date upon which the first Defendant to be served was served in this action.

### 9.      CASE PLAN AND SCHEDULE

a)      Deadline to join parties and amend pleadings: September 28, 2012 (45 days after the Scheduling Conference):

**Markman Phase:**

b)      Plaintiff shall serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions,[1] along with all relevant documentation by:[2]   October 15, 2012 (supplemented December 7, 2012).

c)      Defendants shall serve their Preliminary Counter-Infringement Contentions by: January 4, 2013.

d)      The parties shall exchange their respective preliminary claim terms to be construed by October 15, 2012.

e)      The parties shall meet and confer in good faith for the purpose of narrowing the initial claim terms to be construed by October 30, 2012.

f)      Deadline for the parties to exchange a Preliminary Claim Construction and provide a

---

[1] The Disclosure of Asserted Claims and Infringement Contentions shall include a list of each claim allegedly infringed; separately for each asserted claim a detailed description of each accused apparatus, product, devise, process, method, act or other instrumentality ("Instrumentality"); and a claim chart detailing where each element of an asserted claim is found in each accused instrumentality.

[2] Relevant documentation includes documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit; all documents evidencing conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or any earlier claimed priority date; a copy of the file history for each patent in suit; and all documents evidencing ownership of the patent in suit.

preliminary identification of extrinsic evidence: November 2, 2012.

g)      The parties shall meet and confer in good faith for the purpose of narrowing the claim terms to be construed, narrowing or resolving the differences, and facilitating the preparation of a Joint Claim Construction Chart and Prehearing Statement by:  November 16, 2012.

h)      Deadline for the parties to file a Joint Claim Construction and Prehearing Statement: January 18, 2013.

i)      Deadline for the parties to disclose Markman-related expert witnesses and extrinsic evidence: January 25, 2013.

j)      Plaintiff and Defendants shall each file an Opening Brief along with any evidence supporting claim construction by:  February 22, 2013.

k)      Plaintiff and Defendants each may file reply briefs by March 26, 2013.

l)      Claim Construction hearing:  April 30, 2013 at 9:00 a.m. for one full-day.

m)      Plaintiff shall serve his Final Infringement Contentions, along with all relevant documentation by:[3] 45 days after the issuance of a Markman order.

n)      Defendants shall serve their Final Counter-Infringement Contentions by:  30 days after Plaintiff serves his Final Infringement Contentions.

o)      Defendants shall serve their Invalidity Contentions, including their prior art statements,

---

[3] Relevant documentation includes documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit; all documents evidencing conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or any earlier claimed priority date; a copy of the file history for each patent in suit; and all documents evidencing ownership of the patent in suit.

along with copies of all supporting prior art not contained in the file history of the patent in suit by: Sixty days after Plaintiff serves his Final Infringement Contentions.

**Fact Discovery:**

p)      Fact discovery deadline: July 19, 2013.

q)      The parties are expected to serve discovery requests on opposing counsel on a schedule that allows timely responses on or before the discovery cut-off date (7/19/2013), allowing three days for mailing or one day for e-mail or fax transmission.

r)      Identification of Persons to be Deposed:

| Name of Deponent | Expected Length Of Deposition |
|---|---|
| **Plaintiff Bovino:** | |
| Rule 30(b)(6) Apple, Inc. | Seven hours |
| Rule 30(b)(6) Target Corp. | Seven hours |
| Each Expert of Apple | Four hours |
| Each Expert of Target | Four hours |
| | |
| **Defendants Apple and Target:** | |
| Plaintiff Bovino | Seven hours |
| Plaintiff's Expert(s) Deposition | Seven hours each |

The parties shall cooperate in good faith to schedule dates and times for depositions that are convenient for counsel and the witnesses and to minimize inconvenience and expense for all concerned, such as by conducting depositions by video conference or telephone. The parties reserve the right to depose additional witnesses as their identities become known.

**Expert Discovery:**

s)      Expert Witness Disclosure:

    1.  The parties shall identify anticipated fields of expert testimony, if any:

*Plaintiff Bovino:*

a.      Technical expert in the field of patents related to the '809 Patent and the infringing products of the Defendants;

b.      Person of ordinary skill in the art at the time of the invention of the '809 patent.

c.      Damages expert.

*Defendant Apple:*

a.      Product/industrial design

b.      Damages

*Defendant Target:*

a.      Product/industrial design

b.      Damages

2.   Limitations which the parties propose on the use or number of expert witnesses: Four experts per party.

3.   The parties shall designate all affirmative experts and provide opposing counsel and any pro-se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  June 28, 2013.

4.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  July 29, 2013.

Designations of experts in 3 and 4 above *includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a*

*Written Report" under Rule 26(a)(2)(C).*

5.   Expert discovery deadline:  July 29, 2013.

## 10.   DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times: TBD as needed.

b. A final pretrial conference will be held in this case on August 2, 2013 at 9:00 o'clock a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference (July 27, 2013).

## 11.   OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach agreement:

b.   The parties anticipate that trial of this case will require seven court days.  The case will be tried to a jury pursuant to the jury demands of the parties. A seven-day jury trial is scheduled for August 26, 2013 at 9:00 a.m.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District's Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado: None.

## 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.     AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this 4th day of January, 2013.

BY THE COURT:

_____

Hon. R. Brooke Jackson

APPROVED:

s/ "Ronnie Fischer"                              s/  Jeffrey H. Kass
Lisa C. Secor, Esq.                              Jeffrey H. Kass, Esq.
Fischer Law Firm, P.C.                           Michael P. Dulin, Esq.
1777 South Harrison Street                       Polsinelli Shughart, P.C.
Penthouse - Suite 1500                           1515 Wynkoop
Denver, CO  80210                                Suite 600
Ronnie@FischerEsq.com                            Denver, CO 80202
Lisa@FischerEsq.com                              jkass@polsinelli.com
                                                 mdulin@polsinelli.com
Mr. Rick Martin, Esq.                            *Counsel for Apple, Inc. and Target*
Patent Law Offices of Rick Martin, P.C.          *Corporation*
Post Office Box 1839
Longmont Colorado 80502
rickpattm@yahoo.com

Jack Slobodin, Esq.
Law Offices of Jack Slobodin
3527 Mount Diablo Boulevard
Suite 280
Lafayette, California 95449
jlslobodin@yahoo.com
*Counsel for Plaintiff Jerald A. Bovino*

12